UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

RANDALL BARRETT AND                                                                      PLAINTIFFS
RACHEL BARRETT

V.                                                                                      CIVIL ACTION NO. 1:06cv936-LTS-RHW

NATIONWIDE MUTUAL FIRE                                              DEFENDANTS
INSURANCE COMPANY, NATIONWIDE
PROPERTY & CASUALTY INSURANCE
COMPANY, AND JOHN DOES 1-10

**ORDER**

This cause is before the Court on Defendant Nationwide Property & Casualty Insurance Company's (Nationwide) [69] Motion to Compel Good-Faith Disclosure of Experts. It is Nationwide's position that Plaintiffs' designation of experts is excessive in number, unreasonably broad in scope, and violates the spirit and intent of Fed. R. Civ. P. 26. Plaintiffs assert that the [69] motion is "premature and untimely," and that they have made an effort to "pair [sic] down" their list of experts to seven specific individuals [75].

This Court previously expressed [52] that it "has no interest in watching or umpiring a pleadings game that is played for a particular moment's tactical purpose without regard to the overall goal of a just, speedy, and inexpensive determination of every action." (Citations omitted). The same can be said of the discovery process.

All parties bear a risk in designating any expert. *See, e.g., Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 119 S. Ct. 1167, 143 L. Ed. 2d 238 (1999); *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993). Even admitted testimony is subject to being weighed by the trier of fact.

It should go without saying that the Court will not allow duplicative or cumulative testimony from expert witnesses. But at this point, the Court will not engage in an exercise of micro-managing this litigation at every turn.

Nationwide's motion is not well taken. This is not to say that it may not be entitled to relief in this regard at another stage. In the meantime, any matters with respect to the original [29] or amended [66] scheduling order should be directed to the United States Magistrate Judge.

Accordingly, **IT IS ORDERED**:

Nationwide's [69] Motion to Compel Good-Faith Disclosure of Experts is **DENIED**.

**SO ORDERED** this the 12th day of March, 2007.

                                                                s/ L. T. Senter, Jr.
                                                                SENIOR JUDGE